No. 18,929.

BURNESS R. HIX v. LEONARD A. ROY.
(340 P. [2d] 438)

Decided June 15, 1959.   Rehearing denied July 6, 1959.

Messrs. GALLIGAN, FOLEY & CARLIN, for plaintiff in error.

Mr. MARTIN F. MILLER, Mr. WILLIAM R. YOUNG, for defendant in error.

*En Banc.*

MR. JUSTICE DAY delivered the opinion of the Court.

PLAINTIFF in error was defendant in the trial court and will be referred to as the tenant. Defendant in error Roy will be referred to by name or as the landlord.

This was an action commenced in the Justice of Peace Court in forcible entry and detainer brought by the landlord to evict the tenant from certain leased premises. The Justice of the Peace decided the issue in favor of the landlord and granted possession, whereupon appeal was taken to the County Court. A similar result was obtained in the County Court, and the tenant is here on application for supersedeas. We have determined to decide the case on the merits on the application.

There are several assignments of error. Since one is determinative of the issue, it is the only point upon which comment is necessary. This evolves around the purported notice of termination of the lease, and the failure of the trial court to recognize the rule of law that requires, as a condition precedent to a suit in forcible entry and detainer, a *proper* notice to quit.

The tenant was in possession of the premises under a

written lease which, by its terms, does not expire until the 25th day of February, 1963. There is incorporated in the lease by reference a separate written agreement which provides for termination of the lease upon "six months written notice of intention so to do." The landlord Roy is one of two co-lessors. Carroll Quelland, the other co-lessor, did not join in the attempted cancellation of the lease. At the trial it was shown without any dispute in the evidence that Quelland was still receiving one half of the rent even on dates after the purported notice to terminate the lease. He was not a party to the notice or to the action, and he did not join in the attempted ouster of the tenant, but, in fact, insisted that the tenant remain and comply with the terms of the lease.

On June 18, 1958, Roy alone sent the notice to the tenant stating that if certain conditions, enumerated in the notice, were not met and certain corrections not made, then he, the landlord, would exercise the right to terminate the lease six months hence, or on January 17, 1959. In the complaint the landlord stated that he had elected to terminate the tenancy on June 29, 1958, which, of course, did not coincide with the notice served on defendant.

Since *Doss v. Craig*, 1 Colo. 177, it has been the law in this state that in an action for unlawful detainer the plaintiff to recover must aver and *prove* a demand in writing for possession of the premises as required by the statute, C.R.S. '53, 58-1-1 to 58-1-26. In this instance the demand was defective in that (a) it did not unequivocably terminate the lease pursuant to the terms thereof; (b) suit was brought prior to January 17, 1959, the announced date of termination; (c) it was conditional, and (d) the co-lessor did not join in the notice.

There was no showing at the trial that the conditions set forth in the notice had not been met. A notice to terminate a lease generally to be effective must be unequivocal and unconditional and must be such as to

be fully understood by the recipient. In *Baltimore Dental Association v. Fuller,* 101 Va. 627, 44 S.E. 771, the landlord advised that if the tenant did not make certain repairs and cease certain activities the landlord would not renew the lease. The court held that the notice was not pursuant either to the lease or the statute.

█ Failure of the co-lessor Quelland to join in the attempted termination of the lease made the notice even more patently defective. The landlords, Roy and Quelland, were tenants in common, having leased the property in question from a third party. There was no assignment of the lease to Roy alone and no consent given to him by Quelland to act for both. One tenant in common cannot give notice for all without consent. As was said in *Updegraff v. Lesem,* 15 Colo. App. 297, 62 Pac. 342,

" * * * These lessors were tenants in common. Each one held his undivided interest in his own right. Their relations to each other were not such that in respect to the common property, one could act for all without special authority. Upon the face of the notice of forfeiture, Updegraff was acting for no person but himself. He did not purport to act as agent for the others, and there was no evidence that he was such agent. His act could therefore be effective only as far as his own individual interest was concerned. * * * "

The judgment is reversed.