**Anthony J. DIDAMO and Alice L. Didamo, Plaintiffs-Appellees and Cross-Appellants,**

**v.**

**TYROL SPORT ARMS COMPANY, Defendant-Appellant and Cross-Appellee.**

**No. 82CA1117.**

Colorado Court of Appeals, Div. I.

Feb. 16, 1984.

Rehearing Denied March 8, 1984.

■■■■■■

David C. Vigil, Denver, for plaintiffs-appellees and cross-appellants.

Peter D. Van Soest, Denver, for defendant-appellant and cross-appellee.

TURSI, Judge.

Defendant, Tyrol Sport Arms Company, appeals the adverse judgment rendered in the trial court on the unlawful detention action brought by plaintiffs, Anthony J. and Alice L. Didamo. Plaintiffs filed a cross-appeal, contending that the trial court erred in failing to award costs of litigation, interest on their restitution award, attorney's fees incurred in litigation, and post-judgment rental in the amount of $5,000 per month. We affirm in part, and reverse in part.

The property which is the subject of the unlawful detention action is held in tenancy in common. Plaintiffs own a 45% interest in the property, while co-tenants Jack D. McCreery and Leon E. Greenwald own 45% and 10% interests respectively. Defendant is a corporation whose shares are owned by the co-tenants in the same proportion as their ownership interest in the property. McCreery and Greenwald are employees of defendant; plaintiffs are not.

Defendant entered into a lease on June 1, 1972, to conduct shooting range operations on the subject property. Four days prior to the expiration of the lease term, plaintiffs served on defendant a formal notice to quit the premises. The trial court awarded possession to the plaintiffs to the extent of their interest in the property, and ordered a writ of restitution to issue within 48 hours after the date of entry of the judgment. The trial court's award of damages to the plaintiffs include (1) a proportionate share of the rental due under the lease, (2) a proportionate share of the rental value from date of expiration of the lease until entry of judgment, and (3) the same proportionate share from date of judgment until defendant vacates the premises. However, the trial court order is silent as to an award of interest.

## I

■ As a preliminary matter, we reject plaintiffs' contention that defendant's appeal should be dismissed as the statutorily required undertakings were not timely filed pursuant to §§ 13–40–117 and 13–40–120, C.R.S., and the trial court was without authority to so extend the statutory filing period. We disagree.

In forcible entry and detainer proceedings, the Colorado Rules of Civil Procedure apply unless expressly provided otherwise. See § 13–40–119, C.R.S. Here, the trial court had extended the time in which the undertakings were to be filed. C.R.C.P. 6(b). Thus, the undertakings were properly filed within the extended period granted by the trial court.

## II

■ On appeal, defendant contends that a co-tenant is without authority to maintain an action for possession of real property without the consent of all co-tenants.

Our rule on whether a co-tenant may bring an action to recover real property is succinctly stated in *Carlson v. McNeill*, 114 Colo. 78, 162 P.2d 226 (1945):

" '[I]n an action to recover real property, one tenant in common may recover possession of the entire tract as against all persons except his co-tenants....' The right to sue for damages, as well as for possession, by a tenant in common would seem to be proper."

This rule is in accord with the weight of authority. 4 *G. Thompson, Real Property* §§ 1816 and 1819 (1979 Repl.Vol.). Thus, plaintiffs were proper parties to maintain

this action as defendant is a legal entity, separate from the co-owners of the subject property.

## III

Defendant also contends that the notice furnished by plaintiffs was defective as it was untimely, and it failed to join the co-tenants of the subject property as co-lessors. We disagree.

█ The lease involved is for a term certain. It contained an initial term of two years, with an option for an eight year extension. As such, a notice to quit is not required. Section 13–40–107(4), C.R.S.

█ Defendant's reliance on *Hix v. Roy*, 139 Colo. 457, 340 P.2d 438 (1959) is misplaced. The *Hix* decision held that where a co-lessor fails to join the other co-lessors, he is entitled to judgment only to the extent of his interest in the subject property. Here, the judgment for possession and damages was expressly limited to the extent of plaintiffs' interest in the subject property.

## IV

█ Contrary to plaintiffs' contentions, the trial court properly declined to award attorney's fees based upon the unlawful detention action as such an award would be a denial of equal protection. *More v. Johnson*, 193 Colo. 489, 568 P.2d 437 (1977). Furthermore, under the facts of this case, the trial court did not err in refusing to assess attorney's fees pursuant to § 13–17–101, C.R.S. (1983 Cum.Supp.).

## V

█ Citing *Strauss v. Boatright*, 160 Colo. 581, 418 P.2d 878 (1966), plaintiffs also contend that they were entitled to post-judgment damages in the amount of 45% of $5,000 per month, which they contend accurately represents the reasonable rental value of the subject property, as opposed to the $2,000 per month figure utilized by the trial court pursuant to the expired lease. Here, however, plaintiffs put forth no evidence as to the reasonable rental value of the subject property. Thus, we find no error on the part of the trial court in using the rental payment in the lease as the basis for determining the reasonable rental value of the subject property in its assessment of post-judgment damages. *See Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

## VI

█ We disagree with plaintiffs' contention that the trial court erred in denying their costs of suit. The awarding of costs is within the sound discretion of the trial court. C.R.C.P. 54(d). The trial court expressly ordered the parties to bear their own costs. We find no abuse of discretion. *Rossmiller v. Romero*, 625 P.2d 1029 (Colo. 1981).

## VII

█ We agree, however, with plaintiffs' contention that a prevailing party is entitled to interest on the judgment recovered. Section 5–12–102(4), C.R.S. (1983 Cum. Supp.) authorizes interest on judgments from the date of entry until satisfaction, at a rate of eight percent per annum.

The trial court did not address interest. Thus, we are unable to discern whether the trial court's silence was a denial of prejudgment interest, or was also a denial of statutory interest on the judgment as entered.

Defendant's remaining contentions are without merit.

The cause is remanded with directions to award post-judgment interest and for a ruling by the trial court on prejudgment interest. ·In all other respects, the judgment of the trial court is affirmed.

PIERCE and SMITH, JJ., concur.