**JULY BUILDING CORPORATION, a Colorado corporation, Plaintiff-Appellee,**

v.

**HEATHROW & CO., LTD., a Colorado corporation, The July Corporation, a Colorado corporation, and The Players Group, Ltd., a Colorado corporation, Defendants-Appellants.**

No. 82CA0018.

Colorado Court of Appeals, Div. I.

March 15, 1984.

Herbert A. Delap, Denver, for plaintiff-appellee.

Roath & Brega, P.C., J. Stephen McGuire, Denver, for defendants-appellants.

TURSI, Judge.

Heathrow & Company, Ltd., The July Corporation, and The Players Group, Ltd., (defendants) appeal the judgment of dispossession pursuant to an unlawful detention action brought by July Building Corporation (plaintiff). On appeal, defendants contend that the trial court erred in concluding that they were tenants at sufferance and that, therefore, a written notice to quit the premises was not a condition precedent to maintaining an action of unlawful detention. We affirm.

The record establishes that pursuant to a "Rent Concession" agreement, defendants were permitted to occupy the fifth floor of a building owned by plaintiff from July 12, 1977 through July 12, 1980, in consideration of "consulting services." Upon expiration of the lease term, defendants retained possession of the premises pending negotiations of a new lease. Although plaintiff demanded the execution of a new lease with periodic rental payments, the parties were unable to come to terms.

In April 1981, plaintiff brought this action for unlawful detention in order to regain possession of the subject premises. See § 13–40–104(c), C.R.S. The trial court concluded that at the time of the action, defendants were tenants at sufferance and, as the term in the "Rent Concession" expired at a time certain, a written notice to quit was not a condition precedent to maintaining an action for unlawful detention. See § 13–40–107(4), C.R.S. We agree.

A tenancy at sufferance arises when a tenant wrongfully remains in possession of property after his possessory interest therein has expired. 2 R. Powell, Real Property ¶ 259 (1983). The possession of the premises by the tenant is initially trespassory, but ripens into a tenancy at sufferance based upon neglect or laches on the part of the landlord. 3 G. Thompson, Real Property § 1023 (1980 Repl.Vol.).

Here, as the trial court found, the evidence establishes that defendants were tenants at sufferance when plaintiff brought its action for unlawful detention. Plaintiff neither expressly nor impliedly elected to treat defendants as holdover tenants pursuant to the terms of the expired "Rent Concession." Nor, contrary to the defendants' contention, was a tenancy at will created pursuant to the statutory presumption set out in § 13–40–107(3), C.R.S. The "Rent Concession" contained no such holdover provision, and plaintiff received no periodic rental payments during the negotiations period.

In addition, neither party was required to provide proper notice before terminating the tenancy. It was made clear by plaintiff from the outset that in order to retain

possession of the premises, defendants were required to execute a new lease calling for a rental payment. Plaintiff's failure immediately to instigate an action for possession was not enough to create a tenancy at will. Thus, although originally trespassers when the rent concession agreement expired, defendants became tenants at sufferance because of plaintiff's inaction during the lease negotiations.

Defendants, therefore, as tenants at sufferance, had no possessory interest in the premises, but only a "naked possession." *R. Powell, supra* at ¶ 260. And, as the defendants' possessory interest was pursuant to an agreement which expired at a time certain, a notice to quit was not a condition precedent to maintaining an action for unlawful detention. Section 13–40–107(4). Thus, plaintiff was not required to aver and prove an unequivocal written demand for possession in order to succeed in the action. *Hix v. Roy,* 139 Colo. 457, 340 P.2d 438 (1959).

We have considered defendants' remaining contentions and find them to be without merit.

Judgment affirmed.

PIERCE and SMITH, JJ., concur.