**Gerry L. MILES, Petitioner**

v.

**Zina FLEMING, Respondent.**

No. 08SC383.

Supreme Court of Colorado,
En Banc.

June 29, 2009.

Rehearing Denied Aug. 24, 2009.

Andrea E. Faley, Leslie F. Ebert, Manuel A. Ramos, Denver, Colorado, Colorado Legal Services, Attorneys for Petitioner.

No appearance by or on behalf of: Zina Fleming.

Justice COATS delivered the Opinion of the Court.

Miles, a tenant in a federally subsidized apartment, petitioned for review of the district court's judgment affirming an eviction order of the county court. Interpreting the owner's demand for compliance or possession, the county court found that its reference to criminal activity prohibited by a specified covenant in the lease satisfied the statutory notice requirement. Ultimately, the court determined that the owner proved reasonable grounds to believe criminal activity was being conducted on the premises, compelling an order of restitution.

A finding of unlawful detention by a lessee who holds over contrary to a condition or covenant of a lease agreement requires proof, by a preponderance of the evidence, of a violation of that condition. Because the county court ordered restitution of the premises without determining that Miles violated the lease agreement by actually engaging in prohibited criminal activity, the judgment of the district court affirming that order is reversed.

## I.

Zina Fleming brought a statutory action for repossession of an apartment she leased to Gerry L. Miles pursuant to the Section 8 Tenant–Based Assistance Housing Choice Voucher Program of the United States Department of Housing and Urban Development. On September 17, 2007, Fleming served Miles with a demand for compliance with conditions of the lease identifying certain criminal activity as grounds for termination or for delivery of possession of the premises. Three days later she filed a complaint in the Denver County Court, alleging unlawful detainer and seeking repossession. More specifically, the form complaint for unlawful detainer again alleged that Miles had failed to comply with designated conditions of the lease prohibiting criminal activity but also alleged non-compliance with other designated lease conditions concerning housekeeping and damage to the property. In addition, the complaint made reference to criminal investigations by the Aurora and Fort Collins Police Departments.

On September 28, Miles filed a form answer under the simplified civil procedure, denying the violations alleged in the complaint, objecting to allegations of non-compliance not included in the earlier demand for compliance or possession, and challenging the adequacy of notice. The matter was heard on October 5, with Fleming and Miles appearing as the only witnesses. The county court refused to admit Fleming's account of homeowners' association complaints of unsightly cars and allegations of poor housekeeping for the reason that neither category of violation was raised in the demand for compliance or possession, and the court rejected as hearsay Fleming's proffered testimony regarding her communications with police officers about their investigation of Miles. Fleming's only admissible testimony concerning criminal activity was to the effect that she was suspicious both because she had been unable to get into the premises on several occasions and because she had ob-

served new merchandise, including a lawn mower and what she believed to be a compressor, in Miles's garage. Miles either disputed her testimony or offered an explanation as to each.

The county court found that Fleming's written demand adequately identified the grounds for repossession. It also found that there was sufficient admissible evidence to prove that Fleming had reasonable grounds to believe criminal activity was being conducted on the premises. Finding the reasonableness of Fleming's suspicions to be the determinative factor, the court granted her restitution of the premises.

Acting in its appellate capacity, the district court affirmed,[1] and we granted Miles's petition for a writ of certiorari.

## II.

██ The unlawful detention of real property and restitution of premises to one with a lawful right of possession are governed by statute in this jurisdiction. *See generally* Colorado Revised Statutes, title 13, article 40 (2008) (Forcible Entry and Detainer). Although federal statutes also govern various aspects of federally subsidized housing, *see, e.g.,* 42 U.S.C. § 1437 (2009), absent a showing that applicable state statutes are preempted by federal law or are otherwise unconstitutional, they provide the controlling law. *See In re: Marriage of Heupel,* 936 P.2d 561, 564 (Colo.1997). Preemption was not asserted as a defense at trial and has not been raised as a ground for reversal on appeal. *See Town of Carbondale v. GSS Prop., LLC,* 169 P.3d 675, 682 (Colo.2007) ("Because a preemption defense based on choice of law is directed to the substance of the applicable law, not to the appropriateness of the judicial forum, ... a preemption defense is waivable if it is not timely raised."); *Colorado Permanente Med. Group, P.C. v. Evans,* 926 P.2d 1218, 1228 (Colo.1996) (fail-

ure to raise preemption at trial or on appeal acts as a waiver).

A lessee is guilty of an unlawful detention if, among other things, he continues to hold possession of real property in violation of any condition or covenant of the agreement under which he holds, after receiving three days notice to either comply with the lease condition or deliver possession of the premises. § 13–40–104(1)(e), C.R.S. (2008). In addition to expressly included conditions, it is an implied condition of every lease of real property in this state that neither a tenant nor any of his guests or invitees shall commit any of a number of statutorily enumerated dangerous or criminal acts. *See* § 13–40–107.5 (defining and prohibiting a "substantial violation"). A lessee is equally guilty of an unlawful detention whether the violated condition is expressly included or statutorily implied. *See* § 13–40–104(1)(d.5).

██ Article 40 of title 13 provides a quick mechanism for resolving possession disputes between landlords and tenants. *Beeghly v. Mack,* 20 P.3d 610, 612 (Colo. 2001). By creating a special forcible entry and detainer action with accelerated trial procedures, the statutory scheme was intended to avoid much of the expense and delay incident to the more cumbersome action of ejectment formerly employed at common law. *See Butler v. Farner,* 704 P.2d 853, 856 (Colo. 1985); *Francam Bldg. Corp. v. Fail,* 646 P.2d 345, 348 (Colo.1982). It is, however, designed not only to provide landlords with an expeditious method of regaining possession of their premises but also to ensure that tenants not be ejected without due process of law. *See Butler,* 704 P.2d at 858.

Among other things, the statutory scheme requires a written notice or demand before continued possession can be rendered an unlawful detention or a tenancy terminated for a "substantial violation," which must specify the grounds of the demandant's right to possession, *see* § 13–40–106, or the grounds for

---

1. Although Miles appealed the county court's final judgment as a matter of right, pursuant to C.R.C.P. 411, the district court indicated that its review was limited to matters of jurisdiction and abuse of discretion, the standard for extraordinary writs pursuant to C.R.C.P. 106. In addi-

tion, the district court found good cause to evict Miles for failure to comply with covenants concerning housekeeping and destruction of property despite the county court's refusal to consider these grounds and Fleming's failure to cross-appeal.

termination, *see* § 13–40–107.5. In addition, the complaint by which an action is actually commenced must also include a description of the grounds for recovery, *see* § 13–40–110; and upon service of the complaint and a summons, an answer containing all defenses must be filed prior to an appearance date, which may not be set more than ten days from issuance nor fewer than five days after service. *See* §§ 13–40–111, –113.

The proceedings are governed by the rules of practice and the provisions of law concerning civil actions in the county court. *See* § 13–40–119. Entry of judgment for the plaintiff to have restitution of the premises is contingent upon proof that the defendant has committed an unlawful detainer. *See* § 13–40–115. Were it not sufficiently clear from the inclusion of a "substantial violation" among the grounds for "unlawful detention" itself, *see* § 13–40–104(1)(d.5), the statutory scheme also specifies that a landlord must prove the occurrence of criminal activity implicitly prohibited in every lease only by a preponderance of the evidence, the same burden required to prove violation of any other lease condition. *See* § 13–40–107.5(5)(a); *see also* § 13–25–127(1), C.R.S. (2008).

The lease agreement at issue here is a form lease provided by the Department of Housing and Urban Development. In accordance with federal regulations, *see* 24 C.F.R. § 982.310 (2009), it permits termination by the owner only on specified grounds, including specified kinds of criminal activity. While the criminal activity prohibited in the HUD lease is not couched in precisely the same language, it is very similar to the statutory definition of a "substantial violation" and, in many respects, sweeps even more broadly than the statute.

In addition to enumerating those criminal activities meriting termination by the owner, the HUD lease also provides that the owner may terminate the tenancy whenever he determines that one of the tenant's household members has committed any of them, whether or not he has actually been arrested or

convicted.[2] Rather than constituting a covenant or condition of the lease, capable of either compliance or violation, this provision purports, on its face, to prescribe standards for termination. It is unnecessary, however, to decide whether such a lease provision could ever lessen an owner's statutory burden of proof or provide additional grounds for repossession by the owner because, when properly construed, this provision requires proof of the violation of a lease condition or covenant in precisely the same manner and by precisely the same burden of proof as the state statute.

■ The federal statute governing the section 8 voucher program expressly requires that every housing assistance payment contract entered into by the public housing agency and the owner of a dwelling unit shall provide that any termination of a tenancy be preceded by written notice specifying the grounds for that action, and further that "any relief shall be consistent with applicable State and local law." 42 U.S.C. § 1437f(*o*)(7)(E) (2009). Similarly, the implementing regulation providing direct authority for this provision of the lease also specifies that eviction for criminal activity may be accomplished only by court action. 24 C.F.R. § 982.310(c)(3), (f). While the lease provision refers to a determination by the owner, it is therefore clear that this language was never intended and cannot be interpreted to permit eviction based on the owner's evaluation alone. It remains for the court to determine whether criminal activity has actually been proved by a preponderance of the evidence, and therefore whether the owner's determination is not only reasonable, but in fact correct. *Cf. Dep't of Housing & Urban Development v. Rucker*, 535 U.S. 125, 136, 122 S.Ct. 1230, 152 L.Ed.2d 258 (2002) ("Any individual factual disputes about whether the lease provision was actually violated can, of course, be resolved in these proceedings.").

### III.

■ The county court correctly determined that Fleming provided adequate notice

**2.** Specifically, the lease provides:
The owner may terminate the tenancy for criminal activity by a household member in accordance with this section if the owner determines that the household member has committed the criminal activity, regardless of whether the household member has been arrested or convicted for such activity.

of the grounds upon which her demand for possession was predicated. Once criminal activity has been committed, a lease term, whether express or statutorily implied, barring that activity and making its commission a ground for termination, is no longer susceptible of being complied with. Notice of the violation of a covenant making specific criminal activity a ground for termination is therefore effectively a notice to quit, *see* § 13–40–107.5(4)(a), or a demand for possession, *see* § 13–40–106, and need not provide an opportunity to come into compliance. Nothing more was required than notification of the legal ground upon which the owner claims a right of possession, and the inclusion of pattern language of compliance did not render Fleming's demand equivocal or conditional. *Cf. Hix v. Roy*, 139 Colo. 457, 459–60, 340 P.2d 438, 439–40 (1959) ("A notice to terminate a lease generally to be effective must be unequivocal and unconditional and must be such as to be fully understood by the recipient.").

■ In the special statutory process provided in this jurisdiction, it is ultimately the complaint, rather than a notice to quit or demand for possession, that must allege an unlawful detention with sufficient specificity to permit admission or denial and the assertion of defenses, and to justify restitution of the premises if proven. Unlike the termination of a mobile home park tenancy, for which a complaint must specify the particular statutory reasons for termination, as well as "the approximate time, place, and manner in which the tenant allegedly committed the acts giving rise to the complaint," and any rule or regulation of the mobile home park allegedly violated, § 13–40–110(2), other forcible entry and detainer actions include no similar technical pleading requirements.

■ A complaint for unlawful detention of other real property need only provide a written description of "the property with reasonable certainty, the grounds for the recovery thereof, the name of the person in possession or occupancy, and a prayer for recovery of possession." § 13–40–110(1). As we have noted elsewhere, however, the accelerated procedures for resolving disputes over the possession of real property do not fail to satisfy the requirements of due process. *See Butler*, 704 P.2d at 858. Nothing in the statutory scheme prohibits a court from ordering more specificity or even permitting discovery where greater trial preparation is needed in the interest of fairness. *Id.* As with pleadings in civil practice generally, the remedy for an insufficiently specific complaint is a request for a more definite statement. *See* C.R.C.P. 12(e).

The county court's oral order of restitution, however, was not supported by the statutorily required finding of an unlawful detention. Despite Fleming's assertion of a right to terminate based on her own, personal determination of criminal activity, the court correctly understood that she had the burden of proving by a preponderance of the evidence a violation of the lease. Nevertheless, it apparently interpreted the conditions of the lease as requiring only that the owner "have reasonable grounds to believe that criminal activity was being conducted on the premises."

■ As a result, the county court never found, and upon the limited admissible evidence clearly could not have found, proof of prohibited criminal activity. Unlawful detention for violation of a covenant of the lease, whether express or implied by statute, requires proof by a preponderance of the evidence that the covenant was actually violated—not merely that the owner had reasonable grounds to believe it was violated. In the absence of sufficient proof of an unlawful detention, the county court erred in granting restitution of the premises.

## IV.

The judgment of the district court affirming the order of restitution is therefore reversed.